IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY J. REMBERT, JR.,
    Plaintiff,

vs.                              Case No.: 3:15cv298/MCR/EMT

MEGAN J. BRENNAN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding pro se, commenced this civil action by filing a complaint of employment discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA") and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112–12117 ("ADA") (doc. 1). Pending are a motion for leave to proceed in forma pauperis and a motion for appointment of counsel (docs. 2, 3).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration Plaintiff's allegations, it is the opinion of the undersigned that transfer of this action is warranted.

    As it pertains to Plaintiff's claims under the ADEA, because this act contains no particular venue provision, the general venue statute applies. Rebar v. Marsh, 959 F.2d 216, 217–19 (11th Cir. 1992). And, because Plaintiff sues an employee of an agency of the United States Government, the applicable venue statute for federal civil actions is 28 U.S.C. § 1391(e), which provides that the action may be brought in any judicial district where:

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

As for the ADA, its provisions specifically incorporate by reference the venue provision used in Title VII actions.  42 U.S.C.A. § 12117; *see also* Johnson v. Deloitte Servs., LLP, 939 F. Supp. 2d 1, 3 (D.D.C. 2013); Lindloff v. Schenectady Int'l, 950 F. Supp. 183, 184-85 (E.D. Tex. 1996). The Title VII venue provision states that the action may be brought:

> in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment/records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

The plaintiff has the burden of showing that venue in the forum is proper.  *See* Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).  If a plaintiff brings suit in a jurisdiction that does not satisfy one of these venue requirements, venue is improper. *Id.*  Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district rather than dismiss them.  *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

Applying the above venue provision to the facts alleged by Plaintiff in his complaint, it is clear that venue in this district court is improper and that the action should be transferred to the Southern District of Alabama.  Plaintiff identifies that he lives in Daphne, Alabama, and that his place of work, and therefore the adverse employment actions forming the basis of his complaint, occurred in Mobile, Alabama.  Both cities of which are situated in the Southern District of Alabama. No apparent connection between this district and the facts of the complaint or its parties is apparent.

Furthermore, in response to the court's earlier order (doc. 5) directing Plaintiff to show cause why this case should not be transferred, Plaintiff states that he has exhausted his administrative efforts, including mediation, with his employing agency in Alabama.  Though he does not specifically state, it would appear that Plaintiff is frustrated with or lacks confidence in the legal process in Alabama.  Clearly, though, he has not yet availed himself of the federal courts in Alabama, and, even assuming that this court had the authority to address the matter, there is no objective reason to conclude that the Southern District of Alabama is biased or incapable of hearing his claim.

Accordingly, it is respectfully **RECOMMENDED:**

1. That this case be **TRANSFERRE**D to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406(a).

2. That the clerk be directed to close the file.

**DONE AND ORDERED** this 24th day of August 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**