IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY J. REMBERT, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00464-KD-N |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| Postmaster General USPS, | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* on review of the Complaint (Doc. 1) filed *pro se* by Plaintiff Henry J. Rembert, Jr. ("Rembert").   Where, as here (*see* Doc. 12), a plaintiff is proceeding without prepayment of fees, or *in forma pauperis*, a district court must dismiss the case at any time if the court determines, among other reasons, that the action fails to state a claim on which relief may be granted.   28 U.S.C. § 1915(e)(2)(ii).

Rembert's *pro se* Complaint (Doc. 1), liberally construed,[1] asserts various causes of action under the Age Discrimination in Employment Act and the Americans with Disabilities Act.   The form on which Rembert has filed his Complaint provides a section for Rembert to "briefly state the FACTS of this case," noting that he "must set forth separate factual allegations in separately numbered

---

[1] *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citation and quotations omitted)).

paragraphs." (*See* Doc. 1 at 4).   The form further provides that "additional pages may be added to state the relevant facts if necessary" but that "[a]bsent extraordinary circumstances, no more than two (2) additional pages should be attached." (*Id.*).   In the space provided for his statement of facts, however, Rembert simply writes "see attached documents."   Said "attached documents" consist of over 150 pages of various documents which appear to be from various stages of administrative review of Rembert's claims.

Neither the Defendant nor the Court is required to sift through this mound of paperwork in order to divine the factual basis of Rembert's claims.   Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a **short** and **plain** statement of the claim showing that the pleader is entitled to relief" (emphasis added).   A defendant needs preciseness and clarity in a plaintiff's allegations to "discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).   It is not the Court's or a defendant's responsibility to find a claim from among plaintiff's allegations.   *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).   Rather, "sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *L.S.T. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995).

> To withstand Rule 12(b)(6) [dismissal for failure to state a claim on which relief may be granted ]and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U .S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

*Cochran v. Southern Co.*, Civil Action No. 14-0569-WS-N, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015).[2]

Rembert's Complaint (Doc. 1) does not satisfy Rule 8(a) and is due to be dismissed under 28 U.S.C. § 1915(e)(2)(ii).  However, in this Circuit, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs represented by counsel).  Accordingly, on October 21, 2015, the undersigned entered an Order

---

[2] "The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

explaining the above deficiencies and granting Rembert leave to file an amended complaint curing those deficiencies no later than November 11, 2015.   (*See* Doc. 13). On Rembert's motion (Doc. 14), the undersigned extended the deadline to file his amended complaint to December 11, 2015 (*see* Doc. 15).   To date, Rembert has not filed an amended complaint as ordered, nor has he requested any additional extension of time.   Rembert was expressly cautioned that his failure to timely file an amended complaint as ordered would "result in entry by the undersigned under 28 U.S.C. § 636(b)(1)(B) of a recommendation that this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(ii) or, alternatively, for failure to prosecute and obey the Court's orders."   (Doc. 13 at 4; Doc. 15 at 1 – 2).

Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED** prior to service of process under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted.

## <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 22nd day of December 2015.

                              */s/ Katherine P. Nelson*
                              **KATHERINE P. NELSON**
                              **UNITED STATES MAGISTRATE JUDGE**